IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:17-00114

BRIAN KEVIN SIGMON, II

## MEMORANDUM OPINION AND ORDER

In Charleston, on April 29, 2021, came the defendant, Brian Kevin Sigmon, II, in person and by counsel, Philip B. Sword; came the United States by Joshua C. Hanks, Assistant United States Attorney; and came Senior United States Probation Officer Steven M. Phillips, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on March 22, 2021, and in the amendment filed on April 15, 2021. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he had the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant, by counsel, admitted the conduct contained in the petition and amendment. The court found those charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised

release upon such grounds was 4 to 10 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of 10 months.  Upon completion of his term of incarceration, the defendant will be subject to a period of supervised release of 26 months.  As a special condition of supervised release, the defendant will enter and complete a long-term residential substance abuse treatment program as directed by the probation officer.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C.

§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the violations and the history and characteristics of the defendant. The court further concluded that the 10-month sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within 14 days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States

3

Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 17th day of May, 2021.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge