```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL NO. 2:17-00114

BRIAN KEVIN SIGMON, II

## MEMORANDUM OPINION AND ORDER

In Charleston, on May 6, 2022, came the defendant, Brian Kevin Sigmon, II, in person and by counsel, Rachel Elizabeth Zimarowski; came the United States by Andrew Isabell, Assistant United States Attorney; and came Senior United States Probation Officer Steven M. Phillips, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on February 14, 2022.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he had the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant, by counsel, admitted the conduct contained in the petition and amendment.  The court found those charges were established by a preponderance of the evidence.

The defendant then moved the court to hold the petition in abeyance.  In support, counsel for the defendant asked the court

to give the defendant another opportunity to enroll in a drug treatment program, noting that a spot in a drug treatment program through Prestera Center ("Prestera") had been secured for the defendant.  The government opposed the motion, arguing that this was not a case merely of a good faith effort and a relapse.  The government cited the defendant's completely unacceptable conduct and his failure even to commence the program designated for him.

For the reasons stated on the record, the court **GRANTED** the motion to hold the petition in abeyance, admonishing the defendant not to spurn the additional opportunity to prove himself amenable to supervision.  Accordingly, the court **ORDERED** defendant released from custody and the revocation proceeding continued until further order of the court.  The defendant must immediately enroll in and complete the short-term Prestera program, as discussed at the hearing.

Moreover, the defendant's term of supervised release is subject to all the terms and conditions of release originally imposed, including the following special condition imposed when the court revoked the defendant's term of supervised release in 2021:

> As a special condition of supervised release, the defendant will enter and complete a long-term

2

>  residential substance abuse treatment program as
>  directed by the probation officer.

(ECF No. 51, at 2 (emphasis added).)

It is the court's understanding that, at the conclusion of the short-term Prestera program, there will be an option for the defendant to transition to a longer-term program at Prestera. It remains the case that the defendant must complete a long-term residential substance abuse treatment program as directed by the probation officer.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 13th day of May, 2022.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge